IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| DON BREWSTER, On Behalf of Himself and All Others Similarly Situated, § § § | | |
| Plaintiff, § § | | |
| V. § | CIVIL ACTION NO. 4:15-cv-12 | |
| § | | |
| BRAZOS ROCK, INC. § | JURY TRIAL DEMANDED | |
| § | | |
| Defendant. § | CLASS ACTION | |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff, DON BREWSTER ("Brewster" or "Plaintiff"), on behalf of himself and all other similarly situated affected employees, files this Complaint against BRAZOS ROCK, INC. ("Brazos Rock" or "Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.*, (the "WARN Act") for Defendant's failure to give the required WARN Act written notice to Plaintiff and similarly situated individuals (the "Class Members") in connection with a recent Plant Closing and/or Mass Layoff at Defendant's Kermit, Texas single site of employment/operational unit.

2. Accordingly, Defendant is liable under the WARN Act for failing to provide Plaintiff and the Class Members written notice, including 60 days' advance written notice, as required by the WARN Act.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff Don Brewster

3.     Brewster is a natural person who resides in Winkler County, Texas. He has standing to file this lawsuit.

### B.     Class Members

4.     The Class Members are affected employees who are similarly situated to Plaintiff, and who experienced an employment loss as a consequence of Defendant's Plant Closing at Defendant's single site of employment/operational unit in Kermit, Texas on or about January 2015.

5.     Alternatively, the Class Members are affected employees who are similarly situated to Plaintiff, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Mass Layoff at its single site of employment in Kermit, Texas on or about January 2015.

### C.     Defendant Brazos Rock, Inc.

6.     On information and belief, Defendant is a domestic corporation incorporated under the laws of the State of Texas.

7.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

8.     Defendant maintains multiple district offices/yards in Texas from which construction workers, support personnel, supplies and equipment are based and dispatched on a variety of work projects, including oil and/or gas exploration and production projects. Those district offices/yards include locations in Weatherford, Texas, Bowie, Texas, Pleasanton, Texas, Cuero, Texas, Midland, Texas and Dayton Texas.

9.    Defendant had a fully operational district office/yard in Winkler County, Texas located at or near 1230 Poplar Street, Kermit, Texas. Plaintiff and the Class Members worked from this district office/yard primarily providing construction related services in connection with oil and/or gas exploration/production operations.

10.   Defendant may be served with summons through its registered agent, Mr. Curtis Chester, 1813 Banks Drive, Weatherford, Texas 76087.

### D.    Jurisdiction and Venue

11.   The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

12.   During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

13.   The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claim on federal law, namely 29 U.S.C. §§ 2101-2109.

14.   Venue is proper in the United States District Court for the Western District of Texas because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district. Moreover, pursuant to the WARN Act's venue provision, venue is proper in this District because, at all relevant times, Defendant transacted business in this District and continues to transact business in this District. 29 U.S.C. § 2104(a)(5). As previously identified, Defendant has one or more district offices/yards within this District.

15.   Venue is proper in the Pecos Division of the United States District Court for the Western District of Texas because, as previously identified, Defendant maintains business

operations within the Pecos Division and a substantial part of the events giving rise to Plaintiff's claims occurred in the Pecos Division.

### III.     FACTUAL BACKGROUND

16.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

17.     On information and belief, and at all material times, Defendant has been a business enterprise that employs 100 or more employees, excluding part-time employees and employees who have worked less than 6 months in the 12 month period preceding the first Plant Closing and/or Mass Layoff made the basis of this lawsuit.

18.     Plaintiff worked for Defendant as a full time employee from approximately March 2012 to approximately January 26, 2015. At all times relevant, Plaintiff worked at/from Defendant's Kermit, Texas district office/yard.

19.     Vehicles, equipment, supplies and employees of Defendant were based at Defendant's Kermit, Texas district office/yard. At that location, employees of Defendant primarily provided construction work/support of construction work in connection with oil and/or gas exploration/production operations in the Permian Basin area in and around Winkler County, Texas. Such services of Defendant included building/repairing well site pads, well site locations, lease roads, land clearing, drill piers, frac ponds, and pipelines/flowlines.

20.     Plaintiff worked with numerous other employees of Defendant who were assigned to/worked out of the Kermit, Texas district office/yard. Those employees provided construction/support of construction work, primarily in oil and/or gas exploration/production in and around Winkler County, Texas. Like Plaintiff, those workers were subject to Defendant's

Plant Closing and/or Mass Layoff made the subject matter of this lawsuit at the Kermit, Texas district office/yard.

21. Plaintiff contends that Defendant's Kermit, Texas district office/yard was a single site of employment. Alternatively, and on information and belief, that location was an operational until within another single site of employment within Defendant's operational hierarchy.

22. Plaintiff was verbally notified by Defendant on or about January 26, 2015 that his employment was terminated. Plaintiff was not discharged for cause, did not voluntarily resign, and did not retire.

23. On and around the time of his verbal termination, Plaintiff observed and learned that numerous other similarly situated employees who were assigned to/worked out of Defendant's Kermit, Texas district office/yard suffered an employment loss.

24. In approximately January 2015, Defendant shut down the Kermit, Texas district office/yard. That action resulted in the effective and/or actual shut down of the construction/support of construction work provided at/from the Kermit, Texas district office/yard of Defendant. On information and belief, after that effective shut down of the Kermit, Texas district office/yard, Defendant continued to provide its construction services, similar to the ones provided at/through the Kermit, Texas district office/yard at/through its other district offices/yards.

25. In connection with that shut down, 50 or more employees assigned to/working out of the Kermit, Texas district office/yard experienced an employment loss.

26. The employment loss(es) made the subject matter of this lawsuit occurred within a 30 day period of January 26, 2015. Alternatively, the employment loss(es) in question occurred within a 90 day period of January 26, 2015.

27. On information and belief, 50 or more employees assigned to/working out of the Kermit, Texas district office/yard were terminated during the relevant time period. On information and belief, said termination was not a bona fide discharge for cause, voluntary departure, or retirement. On information and belief, at least 50 of those affected employees had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

28. Alternatively, and on information and belief, 50 or more employees assigned to/working out of the Kermit, Texas district office/yard experienced an employment loss in that their employment was terminated or they were offered, but did not accept, reassignment to another district office/yard of Defendant that was not within a reasonable commuting distance. On information and belief, said termination was not a bona fide discharge for cause, voluntary departure, or retirement. On information and belief, at least 50 of those affected employees had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

29. Alternatively, and on information and belief, the employment losses made the subject matter of this lawsuit at Defendant's Kermit, Texas district office/yard constituted 1/3 or more of the employees, totaling 50 or more, at that single site of employment. On information and belief, those affected employees had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

30. The exact number of employees who experienced an employment loss at the Kermit, Texas district office/yard within a 30 day and 90 day period of Plaintiff's employment loss is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through that district office/yard is information that is currently known only to Defendant.

31. Plaintiff and the Class Members were not provided with 60 days' advance written notice by Defendant of their employment loss, Plant Closing and/or Mass Layoff.

32. Plaintiff and the Class Members were not provided with any written notice by Defendant prior to their employment loss, Plant Closing and/or Mass Layoff.

33. Plaintiff and the Class Members were not provided with written notice, at any time, of each and every of the following items in connection with their employment loss: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

### IV.   WARN ACT CLAIMS

34. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

35. At all material times, Plaintiff and the Class Members were "full-time employees" of Defendant as that term is used in the Warn Act.

36. At all material times, Defendant was and is an employer under the WARN Act. 29 C.F.R. § 639.3(a). At material times, Defendant employed 100 or more employees, excluding part-time employees.

37. Defendant's Kermit, Texas district office/yard constitutes/constituted a single site of employment for Plaintiff and the Class Members. 29 C.F.R. § 639.3(i).

38. Alternatively, Defendant's Kermit, Texas district office/yard constitutes/constituted an operational unit within a single site of employment of Defendant. 29 C.F.R. § 639.3(j).

39. Plaintiff maintains this action on behalf of himself and on behalf of each other similarly situated employee.

40. Each Class Member is similarly situated to Plaintiff with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

### A. Plant Closing

41. Plaintiff and the Class Members suffered an employment loss in connection with Defendant's Kermit, Texas "Plant Closing" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(b) & (f).

42. That Kermit, Texas single site of employment/operational unit was shut down within the 30 day and/or 90 day period from January 26, 2015.

43. 50 or more employees suffered an employment loss as a result of that Plant Closing.

44. Plaintiff and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Kermit, Texas Plant Closing. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiff and the Class Members were employees of Defendant who did not

received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Kermit, Texas Plant Closing made the subject matter of this lawsuit.

### B. Mass Layoff

45. Alternatively, during a 30-day or 90 day period from January 26, 2015, Defendant ordered/executed a "Mass Layoff" at the Kermit, Texas single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(1).

46. Plaintiff and the Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

47. 1/3 of the employees at the Kermit, Texas single site of employment, totaling 50 or more, suffered an employment loss as a result of that Mass Layoff.

48. Plaintiff and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiff and the Class Members were employees of Defendant who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Kermit, Texas Mass Layoff made the subject matter of this lawsuit.

### C. No Written Notice of Kermit, Texas Plant Closing and/or Mass Layoff

49. Plaintiff and the Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming employment loss, Plant Closing and/or Mass Layoff.

50. Plaintiff and the Class Members were not provided with any written notice by Defendant prior to their employment loss, Plant Closing and/or Mass Layoff.

51. Plaintiff and the Class Members were not provided with written notice, at any time, of each and every of the following items in connection with their employment loss, Plant Closing and/or Mass Layoff: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

52. On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Kermit, Texas Plant Closing and/or Mass Layoff made the subject matter of this lawsuit.

53. On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the employment loss of Plaintiff and the Class Members.

**D.     Damages**

54. As a result of Defendant's violations of the WARN Act, Plaintiff and the Class Members have suffered damages. Plaintiff and the Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

## V. CLASS ACTION ALLEGATIONS

55. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

56. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

57. Plaintiff brings this action on behalf of himself and all other similarly situated employees. Plaintiff seeks to represent a Class initially defined as: "All of Defendant's employees working at/from/through its Kermit, Texas district office/yard that experienced an employment loss during the months of October 28, 2014 to April 26, 2015 without 60 days' advance written notice required by the WARN Act." Alternatively, "all of Defendant's employees working at/from/through its Kermit, Texas district office/yard that experienced an employment loss during the months of December 27, 2014 to February 25, 2015 without 60 days' advance written notice required by the WARN Act." Plaintiff requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification.

58. Plaintiff and the Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

59. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

60. On information and belief, the Class Members exceed 55 in number, and joinder is therefore impracticable. The precise number of Class Members and their addresses are readily determinable from Defendant's records.

61. There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

    a. Whether the provisions of the WARN Act apply;

    b. Whether Defendant's employees at the Kermit, Texas district office/yard experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;

    c. Whether Defendant failed to provide the notices required by the WARN Act;

    d. Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

    e. The appropriate method to calculate damages under the WARN Act.

62. The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

63. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

64. Plaintiff is an affected former employee of Defendant who experienced an employment loss during the time periods of October 28, 2014 to April 26, 2015 and December

27, 2014 to February 25, 2015 without the written notice required by the WARN Act. He is, therefore, a member of the class. Plaintiff is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiff is an adequate representative of the class and has the same interests as all of its members. Further, Plaintiff's claims are typical of the claims of all members of the class, and Plaintiff will fairly and adequately protect the interests of the absent members of the class. Plaintiff and his counsel do not have claims or interests that are adverse to the Class Members.

65. Further, class action treatment of this lawsuit is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## VI.   JURY DEMAND

66. Plaintiff demands a jury trial.

## VII.   DAMAGES AND PRAYER

67. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a.  An order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

   b.  Designation of Allen R. Vaught, Baron & Budd, P.C. as Class Counsel;

   c.  All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

   d.  Pre-judgment and post-judgment interest;

   e.  Costs;

  f.  Reasonable attorney's/attorneys' fees; and

  g.  All other relief to which Plaintiff and the Class Members are entitled.

           Respectfully submitted,

      By: <u>s/ Allen R. Vaught</u>
         Allen R. Vaught
         Attorney-In-Charge
         TX Bar No. 24004966
         Baron & Budd, P.C.
         3102 Oak Lawn Avenue, Suite 1100
         Dallas, Texas  75219
         (214) 521-3605 – Telephone
         (214) 520-1181 – Facsimile
         avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF